IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MELVIN JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civ. No. 2:21-cv-2298-SHM-tmp |
| ) | Cr. No. 2:07-cr-20041-SHM-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER TRANSFERRING SECOND OR SUCCESSIVE § 2255 MOTION
TO SIXTH CIRCUIT COURT OF APPEALS**

On May 10, 2021, Movant Melvin Johnson, Bureau of Prisons registration number 21790-076, an inmate incarcerated at the United States Penitentiary in Beaumont, Texas, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion). (ECF No. 1.)

On February 1, 2007, a grand jury charged Johnson with two counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951; three counts of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of aiding and abetting robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951. (Cr. No. 07-20041, ECF No. 1.) A Superseding Indictment was returned on September 25, 2008. (*See* ECF No. 68.) The Superseding Indictment charged Johnson with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 13); one count of aiding and abetting robbery affecting interstate commerce, in violation of 18 U.S.C. §§ 1951 and 2 (Count 11); five counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Counts 1, 3, 5, 7 and 9); and six counts of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)

(Counts 2, 4, 6, 8, 10, and 12). (*Id*.) Johnson pled guilty to one count of aiding and abetting robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Count 11); five counts of robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951 (Counts 1, 3, 5, 7 and 9); and two counts of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2 and 4). (*See* ECF No. 118.) Johnson was sentenced as a career offender to a total of 475 months imprisonment. (ECF No. 151 at PageID 230.) He did not appeal.

On June 24, 2016, Johnson filed his first § 2255 Motion. (Civ. No. 16-2517, ECF No. 1.) On December 20, 2017, the Court denied the motion and entered judgment. (ECF Nos. 10 & 11.) Johnson did not appeal.

On May 10, 2021, Johnson filed the instant motion, his second § 2255 Motion. (Civ. No. 21-2298, ECF No. 1.) This Court lacks the authority to decide this second or successive § 2255 motion because the Sixth Circuit Court of Appeals has not approved its filing. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Under *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *See Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016) ("the district court should have transferred those motions here for processing as requests for permission to present claims in a second or successive habeas petition").

Therefore, under *In re Sims*, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the Clerk transfer this second or successive motion to the United States Court of Appeals for the Sixth Circuit. The Clerk is directed to close this case without entry of a judgment.

IT IS SO ORDERED this 14th day of May, 2021.

                                           *s/   Samuel H. Mays, Jr.*
                                           SAMUEL H. MAYS, JR.
                                           UNITED STATES DISTRICT JUDGE